UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEONEL SANCHEZ LAGUNAS,

    Plaintiff,

    v.

DAVID W. JENNINGS, et al.,

    Defendants.

Case No. 21-cv-05657-RS

**ORDER GRANTING IN PART AND DENYING IN PART PETITION**

## I. INTRODUCTION

Petitioner Leonel Sanchez Lagunas has been civilly detained by U.S. Immigrations and Customs Enforcement ("ICE") at Yuba County Jail for approximately 20 months. He has never received a bond hearing before a neutral adjudicator to determine if his detention remains justified. He petitions for a writ of habeas corpus on the grounds that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) or under the Fifth Amendment's due process clause. For the reasons set forth below, the petition is granted in part and denied in part. Defendants shall provide Petitioner with a bond hearing within 14 days.

## II. BACKGROUND

Petitioner is a native and citizen of Mexico who was brought to the United States over forty years ago when he was 10 years old. In both Mexico and the United States, Petitioner has faced extreme poverty and violence within his household and in his neighborhood. He has been the victim of many violent crimes, and, beginning in 1989, he has had sustained contact with law enforcement. Most recently, in 2016, he utilized a gun to confront a group of men he believed had

recently attacked him and was convicted of the aggravated felony of assault with a firearm as well as other crimes associated with possessing and carrying a firearm, for which he received a sentence of three years plus a three-year firearms enhancement.

After his term of imprisonment, Petitioner received a Notice to Appear. He appeared in immigration court and applied for asylum, withholding and protection under the Convention Against Torture as well as adjustment of status under the Immigration and Nationality Act. About ten months later, an immigration judge ("IJ") denied Petitioner's application for relief, finding he had been convicted of an aggravated felony and could not meet the hardship requirement nor show he would be tortured if removed. Petitioner timely appealed the decision, which the Board of Immigration Appeals ("BIA") dismissed on May 26, 2021. On June 7, 2021, he petitioned the Ninth Circuit Court of Appeals for review of his removal and moved for a stay of removal. While the court has not yet ruled on either motion, Petitioner's removal is temporarily stayed pending the court's decision on the stay motion. Petitioner's motion for a bond hearing pursuant to *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008) was denied by an IJ on July 30, 2021.

### III. LEGAL STANDARD

Federal district courts may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

### IV. DISCUSSION

Petitioner lays out two paths to relief. First, he argues he is detained under 8 U.S.C. § 1226(a), rather than § 1226(c), and is therefore entitled to a *Casas* bond hearing. Second, he contends his prolonged detention without a bond hearing violates his Fifth Amendment right to due process of law. Because *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018) did not abrogate the portion of *Casas* applying § 1226(a) to detention issues following removal proceedings, Petitioner is entitled to relief under his first theory. His constitutional claims accordingly need not be reached.

8 U.S.C. § 1226 governs the "[a]pprehension and detention of aliens." Two subsections are

relevant here. First, subsection (a) is entitled "Arrest, detention, and release" and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General – (1) may continue to detain the arrested alien; and (2) may release the alien on – (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole[.]" The first subsection goes on to disallow the government from providing the noncitizen with work authorization unless he is an LPR or is otherwise entitled to the authorization. Subsection (c) governs the "Detention of criminal aliens" and directs under the heading "Custody" that "[t]he Attorney General shall take into custody any alien who –" and lists various categories of noncitizens. The government contends Petitioner is governed by 8 U.S.C. § 1226(c)(1)(B), which covers noncitizens "deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." Subsection (A)(iii), in turn, refers to "[a]ny alien who is convicted of an aggravated felony at any time after admission[.]"

In *Casas*, the Ninth Circuit held that noncitizens who continue to be detained after the conclusion of removal proceedings are held pursuant to § 1226(a) and therefore entitled to a bond hearing. The court reasoned that § 1226(c) applies only "during removal proceedings," and that the "dismissal of the alien's appeal by the BIA" concluded the proceedings. *Casas*, 535 F.3d at 948 ("[T]he mandatory, bureaucratic detention of aliens under § 1226(c) was intended to apply only for a limited time[.]"). Once a proceeding before the BIA has concluded, and the detainee decides to seek judicial review, it went on, "the Attorney General's authority to detain [an alien] under § 1226(c) end[s] and that authority shift[s] instead to § 1226(a)," which contemplates discretionary, rather than mandatory, detention. *Id; see* 8 U.S.C. § 1226 (using "may" in subsection (a) but "shall" in subsection (c)).  Because a person detained under § 1226(a) could face a "constitutionally doubtful" "prolonged detention . . . without an individualized determination of his dangerousness or flight risk," the *Casas* court concluded § 1226(a) "must be construed as *requiring* the Attorney General to provide the alien with [a bond] hearing." *Id.* at 951

(emphasis in original). Thus, under *Casas*, even if a detainee was originally subject to § 1226(c)'s mandatory detention, if the detainee seeks judicial review of the BIA's final action, the authority to detain him shifts to § 1226(a) and he is entitled to a bond hearing.

Even if Petitioner was originally subject to § 1226(c) after his aggravated felony conviction, he is now detained under § 1226(a) as a result of the BIA's dismissal of his appeal on July 30, 2021. He is therefore entitled to a bond hearing.[1] The government resists this conclusion by arguing *Casas* is no longer good law after *Jennings*.

The government cannot, however, avoid the application of *Casas* to the present case because it cannot demonstrate that *Casas* is "clearly irreconcilable" with *Jennings*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003); *see also Avilez v. Barr*, 2020 WL 1704456, at *2 (N.D. Cal. April 8, 2020) ("Neither the Ninth Circuit nor the Supreme Court has considered this issue, so unless *Casas* is 'clearly irreconcilable' with *Jennings* the Court must apply *Casas*."). Though *Jennings* did overturn a Ninth Circuit rule extending the reasoning in *Casas* to require periodic bond hearings every six months, it did not directly pass on the scheme of "shifting" authority set forth in *Casas*. In fact, though it does not cite *Casas*, *Jennings* seems to endorse the premise underlying *Casas* that subsections (a) and (c) must work together to give the Attorney General ongoing detention authority throughout judicial review of the removal process. The Court wrote: "together with § 1226(a), § 1226(c) makes clear that the detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings*, 138 S.Ct. at 846 (emphasis in original). The phrase "pending a decision on whether the alien is to be removed from the United States" appears only in subsection (a), which lends credence to the notion in *Casas* that § 1226(c) was only ever intended to "apply for only a limited time" until the BIA makes its final decision. *See Casas*, 535 F.3d at 948. The Court would likely not have invoked (a) unless it believed that subsection (c), on its own, was insufficient to keep

---

[1] The petition is granted only in part because Petitioner alternatively seeks immediate release. Without a factual record or argument on this point, there is no basis to decide whether Petitioner is entitled to immediate release from ICE custody.

ORDER GRANTING IN PART AND DENYING IN PART PETITION
CASE NO. 21-cv-05657-RS
4

aliens detained throughout the judicial review of the removal proceedings.

Indeed, a number of courts have interpreted the language to require this result. *In Avilez v. Barr*, another court in this district concluded "[o]ne could reasonably interpret the language 'together with § 1226(a), § 1226(c)' to mean that the two statutory sections work together to ensure that a noncitizen remains in custody pending judicial review of a final order of removal, because § 1226(c) applies before the order of removal becomes final, and § 1226(a) applies after the order of removal becomes final." 2020 WL 1704456, at *3. Similarly, the court in *Birru v. Barr* emphatically disagreed with the government's contention that the "together with" language cited above was irreconcilable with *Jennings*. 2020 WL 1905581, at *7 (N.D. Cal. April 17, 2020). Recalling the Supreme Court in *Jennings* emphasized that § 1226(c) applies only to "aliens *within its scope*," the court in *Birru* clarified that *Casas* first delineated which noncitizens were subject to subsection (c) and then excluded noncitizens whose removal proceedings had concluded. *Id.* (emphasis in original) ("The [*Casas*] court held that petitioners who are subject to a final removal order and then seek judicial review of that removal order *are no longer within the scope of []8 U.S.C. § 1226(c)*." (emphasis in original)). In short, *Birru* concluded *Casas* and *Jennings* could be "readily harmonized" on these points. *Id.* Additionally, in *Aleman Gonzalez v. Barr*, though the Ninth Circuit did not weigh in on the *Casas* holding analyzed in *Birru*, it explicitly "reject[ed] the Government's reading of *Jennings* as foreclosing construction of § 1226(a) to authorize a bond hearing[.]" 955 F.3d 762, 781 (9th Cir. 2020).

Because there is a reading of *Jennings* that keeps *Casas* intact, *Casas* remains good law applicable here. *See FTC v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (emphasizing that the "clearly irreconcilable" requirement is a "high standard" and explaining that "if [a court] can apply [its] precedent consistently with that of the higher authority, [it] must do so"). Petitioner is thus entitled to a bond hearing. Still, the parties disagree about which procedural protections are required at that hearing.

While Petitioner asserts the government must bear the burden of proof to justify his continued detention by clear and convincing evidence, the standard articulated in *Singh v. Holder*,

ORDER GRANTING IN PART AND DENYING IN PART PETITION
CASE NO. 21-cv-05657-RS
5

638 F.3d 1196, 1203 (9th Cir. 2011), the government insists Petitioner bears the burden. It invokes *Jennings*, in which the Supreme Court stated "[n]othing in § 1226(a)'s text – which says only that the Attorney General 'may release' the alien 'on . . . bond' –even remotely supports" the notion that "the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary." *Jennings*, 138 S.Ct. at 847. Yet the government points to no authority concluding *Singh* has ceased to be good law. The Ninth Circuit and numerous other courts in this district have repeatedly characterized *Jennings*' comment as passing only on the statutory interpretation of § 1226(a), leaving untouched the constitutional grounds on which *Singh* was decided. In *Aleman*, the court expressly stated, in a heading, that "*Jennings* does not invalidate *Singh's* constitutional due process burden of proof holding." 955 F.3d at 781 (decapitalized). It explained that the "rejection of layering [the evidentiary] burden onto § 1226(a) *as a matter of statutory construction* cannot undercut . . . [the] constitutional due process holding in *Singh*." *Id.* (emphasis in original).

Other courts in this district have come to the same conclusion. *See, e.g.*, *Ixchop Perez v. McAleenan*, 435 F.Supp.3d 1055, 1061 (N.D. Cal. 2020) (collecting cases and stating "The *Jennings* decision is based on the statutory interpretation of section 1226. The Supreme Court expressly did not address Constitutional questions."); *Gonzalez v. Bonnar*, 2019 WL 330906, at *6 (N.D. Cal. Jan. 25, 2019) ("[N]umerous courts post-*Jennings* have rejected the government's suggestion that *Jennings* reversed appellate court decisions placing the burden on the government to justify prolonged detention by clear and convincing evidence."); *Cortez v. Sessions*, 318 F.Supp.3d 1134, 1147 (N.D. Cal. 2018) ("[T]he court declines to find that *Jennings* reversed the clear and convincing evidence standard announced in *Singh* or later Ninth Circuit cases relying on *Singh'*s reasoning."). Both the reasoning and the "chorus of decisions holding that *Jennings* did not overrule *Singh*'s conclusions regarding the required burden of proof" are persuasive. *See Marroquin Ambriz v. Barr*, 420 F.Supp.3d. 953, 964 (N.D. Cal. 2019). The *Singh* standard remains intact. The government accordingly bears the burden of proof at Petitioner's hearing.

## V. CONCLUSION

For the reasons set forth above, the petition is granted in part and denied in part. Within 14 days, the government must provide Petitioner with a bond hearing before an IJ who has the power to grant Petitioner's release on bond if the government cannot establish "by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community." *Singh*, 638 F.3d at 1203.

**IT IS SO ORDERED**.

Dated: September 7, 2021

_____
RICHARD SEEBORG
Chief United States District Judge